TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture & Recovery Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2727
E-mail: Jonathan.Galatzan@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

IN RE THE SEIZURE OF:

ONE 2012 LARSON, HULL IDENTIFICATION NO# IJL92485H112 AND 2014 KOKOPELLI TRIPLE AXLE TRAILER SERIAL NO# 1Z9BB2934EP378652

Case Number 2:26-mj-05008

GOVERNMENT'S EX PARTE APPLICATION FOR WRIT OF ENTRY; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF FEDERAL BUREAU OF INVESTIGATION SPECIAL AGENT PHILLIP BENKER

In connection with the execution of a seizure warrant for a 2012 Larson Boat ("All In") with Hull Number IJL92485H112 and a 2014 Kokopelli Trailer, Serial Number 1Z9BB2934EP378652, located at Dick Sherrer Marine Inc., 12328 Firestone Blvd., Norwalk, California 90650, described in the seizure warrant issued in the United States District Court, Western District of Kentucky on August 20, 2026, the United States of America, by and through its counsel of record, the First Assistant United States Attorney and Assistant United States Attorney Jonathan Galatzan, hereby submits this ex parte application for a writ of entry in order to execute the seizure warrant.

This Application is based on 28 U.S.C. § 1651, the attached Memorandum of Points and Authorities, and the Declaration of Federal Bureau of Investigation Special Agent Phillip Benker.

Dated: August 24, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

*/s/Jonathan Galatzan*
JONATHAN GALATZAN
Assistant United States Attorney

Attorneys for Applicant
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. DESCRIPTION OF THE WRIT OF ENTRY SOUGHT**

The United States of America (the "government") applied for and has been granted a warrant to seize one 2012 Larson Boat ("All In") with Hull Number IJL92485H112 and a 2014 Kokopelli Trailer, Serial Number 1Z9BB2934EP378652 (the "Target Assets"). (Attached hereto as Exhibit A.) The government believes the Target Assets are presently located at Dick Sherrer Marine Inc., 12328 Firestone Blvd., Norwalk, California 90650, (the "Target Location") which agents believe were transported there at the direction of Chauncey RANSOM ("RANSOM") while incarcerated. *See* Declaration of FBI Special Agent Philip Benker.

The government seeks a writ of entry to gain access to the Target Location in order to execute the seizure warrant. If the Writ of Entry is granted, government agents and a third-party locksmith and/or towing/moving company will contact the occupants of the Target Location, enter its premises, and remove the Target Assets.

**II. AUTHORITY FOR ISSUANCE OF A WRIT OF ENTRY**

This Court's authority to issue a writ of entry comes from the "All Writs Act," 28 U.S.C. § 1651, which provides in pertinent part as follows:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

In the civil forfeiture context, writs of entry have been most commonly issued in conjunction with the arrest or seizure of real property for forfeiture. *See, e.g.,* United States v. Real Property

Located at 20832 Big Rock Drive, Malibu, 51 F.3d 1402 (9th Cir. 1995) ("20832 Big Rock Drive"):

> On November 9, 1990, the Government filed a civil forfeiture complaint against the house on Big Rock Drive... The DEA then obtained authorization to seize the house in much the same way it might obtain a warrant to arrest a person: It approached a magistrate, established probable cause that the house had been purchased with drug proceeds, and asked for (and received) a writ of entry and a warrant to arrest the house in rem.

51 F.3d at 1401.

The purpose of such writs of entry has generally been to inspect and inventory the seized property, to document its condition at the time of seizure, and to assess its value.

In this case, the government is **not** seeking a writ of entry in connection with forfeiture of a real property. Rather, the government merely seeks access to the Target Location in order to locate and seize the Target Assets that are believed to be located on or within the premises of the Target Location.

The authority for issuance of the writ of entry is the same in either situation: it is a writ necessary for the implementation of a seizure warrant duly issued by the Court.

The government has found two cases discussing the showing that needs to be made to obtain a writ of entry for inspecting a house which the government is seeking to forfeit.

In United States v. Ladson, 774 F.2d 436 (11th Cir. 1985), the court found that the district court's "writ of entry" did not purport to authorize, and did not authorize, entry into the house itself, but suggested in dicta that if the district court had been presented with probable cause sufficient to support a search warrant, it could have authorized entry into the home. 774 F.2d at 439 n. 4.

In United States v. U.S. Currency in Amount of $324,225.00, 726 F. Supp. 259 (W.D. Mo. 1989) ("$324,225.00"), the court disagreed with the Eleventh Circuit panel in Ladson. The Western District of Missouri court concluded that the government need not "have probable cause sufficient to support a Federal Rule of Criminal Procedure 41 search warrant before entering, inspecting and inventorying the contents of a house seized pursuant to a valid arrest warrant." 726 F.Supp. at 260. Rather, "the government should be permitted to conduct a limited inventory search of a building or house lawfully seized [without probable cause or a search warrant]. The presence of law enforcement personnel inside the house for this limited purpose is undoubtedly lawful and proper." 726 F. Supp. at 261.

It appears that the Ninth Circuit follows the approach of the court in $324,225.00. There is nothing in the 20832 Big Rock Drive decision, for instance, to suggest that the government had probable cause to search the property for contraband or evidence of a crime at the time it executed the writ of entry, or to suggest that the Ninth Circuit considered such probable cause necessary.

Based on all the information set forth in the seizure warrant's affidavit and other information learned during the course of the ongoing investigation, FBI Special Agent Philip Benker believes that the boat and trailer located at Dick Sherrer Marine Inc., 12328 Firestone Blvd, Norwalk, California 90650 are, in fact, the Target Assets the government wishes to seize pursuant to the duly-issued seizure warrant.

Agent Benker does not know if the Target Location's occupants will cooperate and give access to the Target Assets in order to seize the Target Assets pursuant to a duly-issued seizure warrant alone. In

light of that fact, a writ of entry is needed to allow law enforcement agents and a third-party locksmith and/or towing/moving company access to the property to obtain the Target Assets.

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court exercise its authority under the All Writs Act and issue a writ of entry to access and seize the 2012 Larson Boat ("All In") with Hull Number IJL92485H112 and a 2014 Kokopelli Trailer, Serial Number 1Z9BB2934EP378652, located at Dick Sherrer Marine Inc., 12328 Firestone Blvd., Norwalk, California 90650,

Dated: August 24, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

*/s/Jonathan Galatzan*
JONATHAN GALATZAN
Assistant United States Attorney

Attorneys for Applicant
UNITED STATES OF AMERICA

**DECLARATION OF SPECIAL AGENT PHILLIP BENKER**

I, Philip Benker, declare as follows:

1. I am a Special Agent with the Federal Bureau of Investigation and have been so employed since June 2, 2024. I am currently assigned to the FBI's Louisville Division. To the extent that any information in this declaration is not within my personal knowledge, it was made known to me through reliable law enforcement sources, or my discussions with other agents investigating this matter, and I believe such information to be true.

2. I believe the 2012 Larson Boat with Hull Number IJL92485H112 and a 2014 Kokopelli Trailer, Serial Number 1Z9BB2934EP378652, (the "Target Assets"), are presently located at Dick Sherrer Marine Inc., 12328 Firestone Blvd., Norwalk, California 90650 (the "Target Location"), which I believe were transported there at the direction of Chancey Ransom while monitoring jail calls.

3. On August 20, 2026, the United States Magistrate Judge Regina S. Edwards, Western District of Kentucky, issued a warrant to seize the Target Assets.

4. I do not know if the current occupants will cooperate and give law enforcement agents and a third-party locksmith and/or towing/moving company access to the Target Location in order to seize the Target Assets pursuant to a duly-issued seizure warrant alone.

/////

5. In light of that, a writ of entry onto the property is needed to allow law enforcement agents and a third-party locksmith and/or towing/moving company access to the property to seize the Target Assets.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: August 24, 2026

*/s/Philip Benker*

Philip Benker
Special Agent
Federal Bureau of Investigation